IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21056
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVIS LEONEL CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the southern District of Texas
USDC No. H-01-CR-562-1

_____

February 28, 2003

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ivis Leonel Cruz appeals from his jury-verdict conviction for
aiding and abetting possession, with intent to distribute, of a
controlled substance, namely "500 grams or more of a mixture and
substance containing a detectable amount of cocaine," in violation
of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii).  His
sole argument on appeal is that the evidence produced at trial was

_____

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to prove beyond a reasonable doubt that 500 grams, or more, of cocaine was seized incident to his arrest. Because Cruz failed to move for a judgment of acquittal at trial, this court's review of the sufficiency of the evidence is limited to determining whether there was a "manifest miscarriage of justice." *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001) (citation and quotation omitted).

Cruz was indicted for possessing with intent to distribute "five hundred grams or more of a mixture and substance containing a detectable amount of cocaine." *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). Punishment for drug-traffickers is based on the "total quantity of what is *distributed*, rather than the amount of pure drug involved." *United States v. Palacios-Molina*, 7 F.3d 49, 53 (5th Cir. 1993) (internal quotation marks and citation omitted) (emphasis in original). *See also Chapman v. United States*, 111 S.Ct. 1919, 1926 (1991). Cruz concedes that 978.8 grams of powder was seized incident to his arrest and that a sample of that powder tested positive for cocaine.[1] Under the relevant law, that evidence is sufficient to support Cruz's instant conviction.

---

[1] Moreover, the DEA chemist testified without objection that the seized powder weighed 978.8 grams, that it contained cocaine, and that it was 73% pure, which "means how much of the actual power material is cocaine hydrochloride." 73% of 978.8 grams is 714.52 grams.

There was no objection to the jury charge which, *inter alia*, instructed that the elements of the offense included "that the substance was, in fact, 500 grams or more of a mixture or substance containing a detectable amount of cocaine."

This appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

APPEAL DISMISSED.